**Bollinger v. Carnahan**

*Moore & Brosius,* for plaintiff.
*Fetter & Miller,* for defendant.

KALP, P. J., January 14, 1971.—This is an action in trespass involving liability for a motor accident. It was commenced before District Justice of the Peace Clark H. Arbogast, who, after hearing testimony, returned a judgment in favor of plaintiff on September 3, 1970.

On September 23, 1970, defendant filed an affidavit of appeal with the Prothonotary of Snyder County and sent notice of the appeal to plaintiff.

Defendant-appellant has neither paid the costs before the justice of the peace nor has she filed bail as set forth in either the Act of March 20, 1845, P. L. 188, 42 PS §921, or under the Act of June 24, 1885, P. L. 159, as amended, 42 PS §928. These acts provide as follows:

"921. Bail absolute in double amount of costs

"In lieu of the bail heretofore required by law, in the cases herein mentioned, the bail in cases of appeal from the judgments of aldermen and justices of the peace, and from the awards of arbitrators, shall be bail absolute, in double the probable amount of costs accrued and likely to accrue in such cases, with one or more sufficient sureties, conditioned for the payment of all costs accrued or that may be legally re-

covered in such cases against the appellants . . .
"(This section was repealed by Act 1968, Dec. 2, P.L. —— No. 355, Sec. 7(6) (section 3007(6) of this title), insofar as it was inconsistent with the act, known as the Minor Judiciary Court Appeals Act)"

"That in all cases of appeal from the judgment of an alderman or justice of the peace, the said alderman or justice shall be entitled to demand and receive from the appellant the costs in the case, before making and delivery of the transcripts for said appeal; and if the appellant shall finally recover judgment in the case appealed, he shall be entitled to receive and collect from the adverse party the costs so as aforesaid paid on appeal: Provided, however, That if any appellant shall give good and sufficient bail absolute, for the payment of debt, interest, and costs that have and will accrue on affirmance of the judgment, the appellant shall not be required to pay any costs before taking an appeal."

Plaintiff has now filed a petition to have defendant's appeal stricken on the ground that it was not properly perfected because neither of the above-cited acts was complied with. Defendant resists the motion on the ground that the Minor Judiciary Court Appeals Act, 42 PS §3001, et seq. (hereafter referred to as the Appeals Act) repealed the aforesaid statutes and case law which have interpreted them.

It is defendant's contention that the act sets ". . . forth the complete requisites to be performed by a defendant appellant in perfecting an appeal to the Court of Common Pleas from the final judgment of a Justice of the Peace of a Minor Judiciary Court."

The Act of March 20, 1845, supra, was repealed in part by section 7 (6), 42 PS §3007(6), insofar as it is inconsistent with the Appeals Act. The Act of June 24, 1885, supra, was not specifically repealed in part or in

toto by the Appeals Act. The Appeals Act makes no provision with respect to security for costs in appeals from justices of the peace. Consequently, the court can find nothing inconsistent between the provisions of the Act of March 20, 1845, and the Appeals Act (1968) and is of the opinion that where defendant has appealed from a judgment against him in a justice of the peace court but has failed to pay the costs and enter a bond in the probable amount of the costs accrued and likely to accrue, or to enter a bond for the payment of debt, interest and costs, his appeal must be stricken on plaintiff's motion.

For the foregoing reasons, the appeal filed by defendant in this case be, and the same hereby is, stricken.